## Case No. 1,455.

BLABON et al. v. HUNT et al.

[2 N. J. Law J. (1879) 179; 26 Pittsb. Leg. J. 180.]

District Court, D. New Jersey.

BANKRUPTCY — JUDGMENTS AND LIENS — ILLEGAL PREFERENCE — WARRANT OF ATTORNEY TO CONFESS JUDGMENT — FAILURE TO RECORD.

[1. Judgments and liens under execution, acquired before a petition in bankruptcy by or against the debtor, are prima facie good and enforceable in favor of vigilant creditors, unless an illegal preference has been obtained, or an intent to evade the provisions of the bankrupt act is manifest.]

[2. The concurrence of the following facts are necessary to constitute an illegal preference within the act: The debtor must be insolvent, or acting in contemplation of insolvency; his purpose must be to give a preference, or, when the preference has been obtained by means of legal process, the seizure or attachment must have been procured or suffered by the debtor; the creditor must have reasonable cause to believe the debtor to be insolvent; he must know that the seizure is fraudulent as against the bankrupt act; and in voluntary cases the preference must have been given within four months of filing the petition in bankruptcy.]

[3. The giving by a debtor for a consideration of equal value of a warrant of attorney to confess judgment is not an act of bankruptcy, though the warrant is not recorded, but kept in the creditor's custody, unknown to others.]

[4. In such a case the creditor may enter judgment, issue execution, and sue when insolvency is apparent, provided he is not assisted by the debtor.]

NIXON, District Judge. The bankrupt law does not avoid all liens. Nay, it recognizes and preserves those which are honestly acquired before the petition in bankruptcy is filed. Judgments and liens under execution are prima facie good and enforceable in favor of the vigilant creditor, unless, in acquiring them, he has obtained an illegal preference, or has manifested an intent to evade the provisions of the act, and the burden of proof is, ordinarily, upon the party contesting the validity of the lien.

The defendants being acknowledged to be bona fide creditors of the bankrupt, the case falls within the provisions of section 5128 of the Revised Statutes, as amended by section 11 of the supplement of June 22, 1874, under which there must be the concurrence of the following facts to avoid an illegal preference: 1. The debtor must be insolvent or acting in contemplation of insolvency. 2. His purpose must be to give a preference. 3. When the preference has been obtained by means of legal process, the seizure or attachment must have been procured or suf-

fered by the debtor. 4. The creditor must have reasonable cause to believe the debtor to be insolvent. 5. He must know that the seizure is a fraud on the provisions of the bankrupt act; and 6. In voluntary cases, the preference must have been given within four months of filing the petition in bankruptcy. A failure on the part of the general creditors to establish any one of the foregoing facts leaves the second [secured] creditors in the position of the advantages which by their superior diligence they have gained.

The supreme court in some recent cases has given a construction to the above recited section, different, in many respects, from what was formerly understood to be its meaning, and different—it is stated with great deference—from what seems to have been its own judgment in the case of Buchanan v. Smith, 16 Wall. [83 U. S.] 277. It may now be assumed that something more than non-resistance in an insolvent debtor is necessary to invalidate a judgment and levy on his property when the debt is due and he has no defence; that though the judgment creditor in such a case may know the insolvent condition of the debtor, his judgment and levy upon his property are not, therefore, void, and are no violation of the act; and that a lien thus obtained by him will not be displaced by subsequent proceedings in bankruptcy, though commenced within four months after levy of the execution or rendition of the judgment; and, further, that the giving by a debtor for a consideration of equal value of a warrant of attorney to confess judgment is not an act of bankruptcy, though such warrant or confession of judgment be not entered of record, but on the contrary be kept as such things often or ordinarily are, in the creditor's own custody, and with their existence unknown to others; and that the creditor may enter judgment of record on them when he pleases, even upon insolvency apparent, and issue execution and sell, such action being valid and not in fraud of the bankrupt law, unless he is assisted by the debtor. Wilson v. City Bank, 17 Wall. [84 U. S.] 473; National Bank v. Warren, 96 U. S. 539; Clark v. Iselin, 21 Wall. [88 U. S.] 360; Watson v. Taylor, Id. 378.

The debtor's petition in bankruptcy was filed December 18th, when, as it clearly appears from his schedule, he was largely insolvent. All the judgments except one were entered of record only eight days before, and the exception was signed December 6th. It is not pretended that he had any extraordinary or serious losses between these dates, and hence it must be inferred that he was insolvent when the judgments were entered. But whether the defendants had reasonable cause to believe the debtor was insolvent is not a material fact, if the obtaining of the judgments and executions were the acts of the creditors without any procurement on the part of the bankrupt. And it is here, in my opinion, that the complainant's case fails.

The testimony has been examined, and it does not authorize me to assert that they have shown that collusion existed between the bankrupt and the judgment creditors in regard to the entry of these judgments. They are all made witnesses by the complainants, and they all circumstantially and specifically deny it, and there is no evidence rising higher than a grave suspicion that the debtor had any knowledge of the intention of his creditors to enter the judgments or to issue the executions until after they were entered and issued. It is the misfortune of the complainants that they have been compelled to turn to the defendants to make out their case, and that their testimony concludes them in the absence of the existence of facts which show that they are not worthy of belief. I find no such facts, and the order requiring the sheriff to hold the proceeds of sale until the further order of this court is vacated, and the officer is left to execute his writs as required by the laws of the state.